Per Curiam.

An examination of the record discloses that on December 12, 1958, when the plaintiff filed her notice of appeal, the dismissal entry of November 24, 1958, was still in a state of uncertain and indefinite suspension, and there was no final order from which an appeal could be perfected. Hence, the notice of appeal was a nullity and accomplished nothing.
The only final entry in the Court of Common Pleas was that of December 15, 1958, and no notice of appeal from that entry ever was filed although that entry bears the notation that the defendants’ attorney previously served plaintiff’s attorney with the original of such entry on December 9, 1958, with a request of approval and return; and it bears the further notation that it was not approved, amended or otherwise returned. Hence, the Court of Appeals was without jurisdiction to review the matter since the only final order in the Court of Common Pleas, namely, that of December 15, 1958, was not before it.
It is not necessary, therefore, to review the question of abuse of discretion by the Court of Common Pleas. The attempted reversal of the judgment of that court by the Court of Appeals must be reversed.
The fatal question of jurisdiction of the subject matter is, of course, one that may be raised initially at any time in any court, as was done during the oral arguments in this case.

Judgment reversed.

Weygandt, C. J., Zimmerman, Wiseman, Herbert and Peck, JJ., concur.
Wiseman, J., of the Second Appellate District, sitting by designation in the place and stead of Matthias, J., pursuant to Section 2, Article IY of the Constitution.